UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AARON BEASLEY,<br><br>　　　　Defendant. | Case No. 4:22-CR-00162-BLW<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant Aaron Beasley's motion for temporary pretrial release pursuant to 18 U.S.C. § 3142(i). (Dkt. 25.) The Government does not oppose the motion. For the reasons that follow, the Court will grant the motion for temporary release under the terms and conditions stated herein.

**STANDARD OF LAW**

Under the Bail Reform Act of 1984, if the Court finds the defendant poses a danger to public safety or a flight risk, the Court may order the defendant detained pending trial if no conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances. 18 U.S.C. § 3142(e). In assessing what conditions, if any, to impose, courts consider the following factors set forth in Section 3142(g): the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal

**ORDER - 1**

history, and record of appearing at court proceedings); whether the defendant was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Relevant here, where a person has been detained pretrial, Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary pretrial release under Section 3142(i). *United States v. Cox*, 2020 WL 1491180, at *2 (D. Nev. March 27, 2020); *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). The Court must make an individualized determination as to whether Defendant has demonstrated that temporary release is warranted in this case under Section 3142(i).

## DISCUSSION

On July 26, 2022, Beasley was charged with one count of Dealing Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A). (Dkt. 1.) The Government originally filed a motion for detention on August 1, 2022 (Dkt. 3), but later withdrew such motion on May 3, 2022 (Dkt. 11). Beasley was then released on conditions. (Dkt. 12.) On August 24, 2022, a Petition on Pretrial Release was filed alleging Beasley violated conditions of his pretrial release. (Dkt. 17.) Consequently, the Government filed a new motion for detention on August 30, 2022. (Dkt. 19.) On September 1, 2022, during the initial appearance on the Petition for Pretrial Release, Myers indicated that he intended to admit the violations in the

ORDER - 2

Petition but requested a detention hearing. (Dkt. 22). The Court entered an order of Temporary Detention pending the detention hearing. (Dkt. 23.)

On September 15, 2022, the Court held a detention hearing wherein Defendant's counsel requested that Defendant be temporarily released to attend inpatient substance abuse treatment at Moonlight Mountain Recovery and/or to be released to obtain medical treatment at Bingham Healthcare. (Dkt. 26.) Neither option was immediately available to Defendant. In light of that, and the evidence presented at the hearing, the Court found that compelling reasons exist for Defendant's temporary release to obtain inpatient substance abuse treatment but that such release could not occur unless and until a bed became available for Defendant at a Moonlight Mountain Recovery facility. To that end, the Court directed Defendant's counsel to keep it informed of Defendant's efforts to secure a bed at Moonlight Mountain Recovery and when such a bed did become available, the Court may reconsider Defendant's motion for pretrial release. (Dkt. 26.)

On September 19, 2022. Beasley filed the motion for temporary pretrial release presently before the Court. (Dkt. 25) Beasley requests temporary release for the purpose of attending inpatient substance abuse treatment at Moonlight Mountain Recovery at its Jerome, Idaho facility. (Dkt. 25 at 2; 25-1.) The Government does not oppose the motion (Dkt. 25 at 3.) Based on the parties' presentations at the September 15, 2022, hearing, Defendant's submissions, and the entire record herein, the Court finds a compelling reason has been shown to grant Beasley's motion for temporary pretrial release pursuant to 18 U.S.C. § 3142(i). Specifically, to allow Beasley to attend inpatient substance abuse treatment at Moonlight Mountain Recovery at its location in Jerome, Idaho for a period of

ORDER - 3

thirty (30) days. During his release, Defendant will be subject to the same conditions of pretrial release previously imposed (Dkt. 12) and, in addition, may not leave the treatment facility except as specifically permitted by his probation officer in writing.

**ORDER**

THEREFORE IT IS HEREBY ORDERED that the Motion for Temporary Pretrial Release (Dkt. 25) is **GRANTED**. Defendant may be temporarily released for a period of not more than thirty (30) days beginning at noon on **Wednesday, September 21, 2022**, subject to the following:

1) Defendant must reside only at and participate in Moonlight Mountain Recovery's in-patient substance abuse treatment program, at their location in Jerome, Idaho, during the term of his temporary release.

2) Riley Hartman, Beasley's son, is HEREBY NAMED as Defendant's third-party custodian and is the responsible party for Defendant's transportation during the temporary release. Mr. Hartman agrees to the following: a) supervise Defendant to ensure compliance with the conditions of the temporary release, b) assure the Defendant's appearance at all court proceedings, and c) notify the Court immediately if Defendant violates a condition of release. Mr. Hartman is the sole responsible party who may transport the Defendant from the Jefferson County Jail directly to Moonlight Mountain Recovery at its location in Jerome, Idaho, and transport Defendant back to the Jefferson County Jail following his treatment as directed by the Court.

3) Mr. Hartman may pick the Defendant up from the Jefferson County Jail on Wednesday, September 21. 2022, as directed by and subject to, any logistical or operational requirements or limitations of the Jefferson County Jail.

4) Defendant and defense counsel, Bryan Wheat, are responsible for communicating and coordinating with the Jefferson County Jail, the United States Marshals Service, and the United States Probation Officer as necessary to facilitate Defendant's temporary release.

5) During the temporary release, Defendant must abide by all of the terms and conditions stated in the previous Order Setting Conditions of Release (Dkt. 12), and all of the terms and conditions of Moonlight Mountain Recovery's in-patient treatment program, including the restriction that Defendant may not leave the treatment facility during his temporary release unless he obtains prior written approval to do so from his probation officer. In addition, Defendant shall not use or possess any alcohol and/or controlled substances; Defendant shall abstain from the use of alcohol and shall not be present in any location where alcohol is the primary item of sale; Defendant shall not commit any state, federal, or local crimes or offenses; and Defendant shall not possess or have access to any firearm, ammunition, destructive device, or dangerous weapon.

6) During the temporary release, the Defendant is restricted to traveling only to and from the Jefferson County Jail and Moonlight Mountain Recovery in Jerome, Idaho and will be subject to drug testing immediately upon his arrival at Moonlight Mountain Recovery and upon his return to custody.

**ORDER - 5**

7) Violation of any of these terms and conditions may result in additional penalties and possibly new charges and penalties separate and apart from the charges for which Defendant is currently in custody and will result in the immediate issuance of an arrest warrant.

8) Prior to the Defendant being temporarily released, defense counsel is directed to provide a copy of this Order to the Defendant and Mr. Hartman, and to expressly advise both individuals of the terms and conditions of the temporary release as well as the additional penalties, consequences, and new charges Defendant may face if he violates any of the terms and conditions. Defendant and Mr. Hartman must sign an acknowledgement of receipt of the same, provided by defense counsel, before Defendant is released.

9) Upon Defendant's completion of the thirty (30) day in-patient treatment program, or Defendant's release from the in-patient treatment program, Defendant shall immediately return to the Jefferson County Jail unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to serve a copy of this order on all parties, the United States Marshals Service, and the United States Probation Office.

DATED: September 20, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge

ORDER - 6

**ORDER - 7**